WALDROP PHOTOGRAPHIC Co., demandante y apelante, *v.* JUAN G. GALLARDO, substituído por MANUEL V. DOMENECH, como Tesorero de Puerto Rico, demandado y apelado.

No. 5381.—*Sometido:* Mayo 13, 1932.  *Resuelto:* Marzo 14, 1933

*O. B. Frazer* y *R. Castro Fernández,* abogados de la apelante; *Charles E. Winter, Procurador General (James R. Beverley* en el alegato) y *T. Torres Pérez, Subprocurador, abogados del apelado.*

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

La Waldrop Photographic Co., corporación constituída de conformidad con las leyes del Estado de California, inició procedimiento contra el Tesorero de Puerto Rico para recobrar las contribuciones pagadas por el año que finalizó el 1°. de marzo de 1924, y por el año que finalizó el 1°. de marzo de 1925. Se radicaron dos causas de acción para recobrar las contribuciones de cada uno de dichos años, respectivamente. En cada una de dichas causas de acción la demandante alegaba que tenía derecho a exención en vista de la sección 34 de la Ley No. 74 de 1925 (p. 483), según la cual

ciertas corporaciones tenían derecho a una deducción de $4,000 de sus ingresos brutos, así como a deducciones por desembolsos o pagos efectuados a sus empleados. El Tesorero de Puerto Rico durante cada año denegó ambas deducciones y la Corte de Distrito de San Juan también se negó a concederlas. La cuestión de si la corporación tiene derecho a deducir $4,000 de su ingreso bruto ha sido resuelta por nuestra opinión y sentencia en el caso de *Nitrate Agencies Co.* v. *Juan G. Gallardo, substituído por Manuel V. Domenech, Tesorero de Puerto Rico,* emitida el 8 de febrero de 1933 (ante, p. 515), y en su consecuencia, la demandante y apelante tendría derecho a que se le devuelva algo por cada uno de dichos años.

■ Respecto a la reclamación por desembolsos, la demandante alegaba tener derecho a deducir los sueldos pagados al Sr. Nichols, quien trabajaba en Puerto Rico, y del Sr. Payne, que trabajaba en los Estados Unidos. En apelación a la Junta de Revisión e Igualamiento dicha junta concedió la reclamación en lo referente al sueldo del Sr. Nichols, pero la negó en lo que concernía a la del Sr. Payne. El Fiscal General sostiene que de acuerdo con la sección 32, inciso *b*, de la Ley No. 74 de 1925, una corporación extranjera sólo tiene derecho a hacer deducciones de los ingresos que han sido obtenidos en Puerto Rico y que no se demostró que los ingresos de la Waldrop Photographic Co. fueran obtenidos en Puerto Rico.

Como la Junta de Revisión e Igualamiento concedió la reclamación relativa al sueldo del Sr. Nichols, parecería que la contención de la apelante tiene algún mérito y que la corporación tenía derecho a deducir sueldos razonables. El sueldo del Sr. Payne se pagaba totalmente, según se alegaba, por servicios prestados dentro de los Estados Unidos continentales. La demandante y apelante, de conformidad con la ley, tal cual ha sido interpretada por nuestra decisión en el caso de la Nitrate Agencies Co., *supra,* es una corporación extranjera. Por tanto, se desprendería, por lo menos prima facie,

que la demanda no demostraba que estos desembolsos surgieron a consecuencia de causa alguna debida a trabajos efectuados en Puerto Rico. *Non constat* que dicha corporación extranjera o no puertorriqueña pagara los sueldos del Sr. Payne de haberes obtenidos en los Estados Unidos continentales y a consecuencia de otros trabajos realizados por dicha corporación extranjera. El caso fué resuelto a virtud de una excepción previa y la demanda no nos convence de que el Tesorero estuviese equivocado al negarse a hacer una deducción por el sueldo pagado al Sr. Payne, y la actuación de la corte inferior al declarar con lugar la excepción previa a este respecto debe ser confirmada.

En la primera causa de acción de la demanda la apelante alegaba haber pagado la suma de $361.88 bajo protesta y tener derecho a su devolución. En la segunda aducía haber pagado $724.33 y tener derecho a que se le devolviera dicha suma. En la demanda se solicita la devolución del total de estas dos sumas, o sea, $1,086.21.

Ahora bien, conforme hemos dicho, en cada causa de acción se solicitaba la deducción general de $4,000 y la deducción por concepto de sueldos. Ninguna de las dos causas de acción alegaba suficientemente cómo debían distribuirse las devoluciones solicitadas. No podemos saber por la demanda cómo debe distribuirse la dicha suma de $361.88, o la de $724.33. No vemos verdadera posibilidad de segregación sin procedimientos ulteriores. No solamente deja la demanda de convencernos sino que las planillas del Departamento de Hacienda que se acompañaron no arrojan suficiente luz respecto a cuál debe ser la distribución de cada reclamación en particular. Quizás resulte, mas no podemos verlo claramente, que los pagos se referían solamente a parte de años en vez de a años completos.

*Por tanto, debe confirmarse la sentencia en tanto en cuanto negó la deducción por el pago de los sueldos del Sr. Payne, y revocarse en tanto deniega las deducciones generales de $4,000,*

*y devolverse el caso a la Corte de Distrito de San Juan para ulteriores procedimientos no inconsistentes con esta opinión.*

El Juez Presidente Señor del Toro disintió.*

El Juez Asociado Señor Hutchison está conforme con la sentencia.